■ In the Matter of the Claim of SERGE DU BOIS, Appellant. COMMISSIONER OF LABOR, Respondent. [796 NYS2d 462]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 23, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a sales associate for a department store until his discharge, which was precipitated by the discourteous manner in which he treated a disgruntled customer. Claimant applied for unemployment insurance benefits, but his application was ultimately denied by the Unemployment Insurance Appeal Board on the ground that he was terminated due to misconduct. He now appeals.

We affirm. Rude and unprofessional conduct toward a customer has been held to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits (*see Matter of Cameron [Commissioner of Labor]*, 15 AD3d 722 [2005]; *Matter of Cooper [New York Apple Tours—Commissioner of Labor]*, 276 AD2d 1007 [2000]; *Matter of Inman [Sweeney]*, 241 AD2d 619 [1997]). Although claimant denied using profanity in response to the customer's impolite remarks, he admitted that he called the customer a "piece of human waste." This comment was inappropriate, contrary to the employer's policy and detrimental to its interest. Claimant's assertion that he was fired because he refused to engage in sexual activities with certain other employees presented a credibility issue for the

Board to resolve (*see Matter of Cooper [New York Apple Tours— Commissioner of Labor], supra* at 1007). We have considered claimant's remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

